# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GORDON, | |
| Plaintiff, | NO. 3:17-CV-00320 |
| v. | (JUDGE CAPUTO) |
| KARTRI SALES CO., INC., | |
| Defendant. | |

## MEMORANDUM

Presently before me is Magistrate Judge Karoline Mehalchick's Report and Recommendation (Doc. 25) to Defendant Kartri Sales Co., Inc.'s ("Kartri") Motion to Dismiss (Doc. 13) the Complaint (Doc. 1) filed by Plaintiff Robert Gordon ("Gordon"). Defendants contend that Gordon has failed to state a claim in his unnamed cause of action relating to Kartri. The Magistrate Judge concluded that, regardless of whether Gordon's unnamed claim against Kartri is interpreted as a claim for the sale of equipment in a commercially unreasonable manner under the Pennsylvania Commercial Code ("PCC") or as a claim for common law conversion, Gordon has failed to state a claim. As such, the Magistrate Judge recommends that Kartri's motion be granted. Gordon filed timely objections to the Report and Recommendation. (Doc. 26.) Because further consideration is required to determine whether Gordon's brief filed in opposition to Kartri's Motion to Dismiss should be construed as a motion to amend his Complaint, and whether such a motion should be granted, the Report and Recommendation will be rejected, and the matter will be recommitted to Magistrate Judge Mehalchick for further proceedings.

## I. Background

### A. Factual Background

On February 22, 2017, pro se Plaintiff Robert Gordon filed a complaint for money damages against Kartri and Greater Forest City Industries, Inc. ("GCFI"). (Doc.

1.) The events giving rise to Gordon's complaint stem from the sale of certain equipment by Kartri. From June 2013 to October 2013, Gordon leased a building from Kartri and stored production machinery and inventory therein. (Doc. 1, at 2-3.) Such equipment was subject to a UCC security interest in favor of GFCI (Doc. 1, at 2) and had an approximate value of $340,100.00 (Doc. 1-1.) On or around October, 2013, Kartri locked Gordon out from the leased premises and prevented him from removing the stored equipment. (Doc. 1, at 2.) Thereafter, Kartri commenced a civil action against Gordon in the Susquehanna County Court of Common Pleas ("State Court") for breach of the lease agreement.[1] (Doc. 13, at 30.) The State Court entered judgment in favor of Kartri on October 14, 2014, and the parties executed a General Mutual Release Agreement ("Release Agreement") that was made an Order of the Court on March 11, 2015. (Doc. 13, at 30, 33.) In the Release Agreement, the parties agreed that Gordon would be allowed to remove the stored machinery on or before March 31, 2015 (the "Removal Deadline"). (Doc. 13, at 31.) The Release Agreement further indicated that following the Removal Deadline, "all such equipment and personalty contained in the building shall become the property of Kartri and all claims to the [] equipment and personalty are waived." (Doc. 13, at 31.)

After March 31, 2015, Kartri proceeded to sell various pieces of equipment that remained in the building.[2] (Doc. 1, at 3.) However, while not raised in his complaint,

---

[1] A "District Court [is] entitled to take judicial notice of prior opinions to establish the procedural history of [a] case. *Jonas v. Gold*, 627 Fed.App'x. 134, 137 n. 4 (3d Cir. 2015)(citing *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). Accordingly, the Court has taken judicial notice of the publicly available docket of civil proceedings in the State Court, numbered 2014-CV-559.

[2] In his complaint, Gordon stated that Kartri disposed of the inventory subsequent to January 1, 2014. (Doc. 1, at 2.) However, Gordon modified this date in his Brief in Opposition to the Motion to Dismiss, stating that Kartri's disposition of the inventory actually occurred after the Removal Deadline. (Doc. 23, at 2.) Although Kartri apparently objects to the modification of a "material date," given the terms of the Release Agreement, wherein Kartri agrees to keep the equipment on its premises until the Removal Deadline, the Court will accept Gordon's corrected date in the interest of fairness.

Gordon alleges in his Brief in Opposition that "the premises [were] chained off" and that his "attempts to remove the equipment were frustrated by Kartri [as] a result of [] delay[] [and Kartri] being unavailable to respond to [] requests to provide access." (Doc. 23, at 3.) Gordon further submits in his opposition brief that Kartri's attorney agreed to extend the Removal Deadline to April 30, 2015, but that Kartri breached this agreement through its sale of the inventory. (Doc. 23, at 3.)

Gordon brought the instant action in federal court on February 22, 2017, and asserted three unnamed causes of action against Kartri and GFCI: (1) damages in the amount of $300,000 against Kartri; (2) damages in the amount of $300,000 against GFCI; or (3) damages in the amount of $20,000, being the value of GFCI's security interest in the equipment, against both Kartri and GFCI, or, alternatively, forgiving the outstanding loan balance owed to GFCI. (Doc. 1, at 2-4.) GFCI has since been terminated as a defendant, and Gordon does not dispute that his second and third claims are moot as a result of a settlement agreement with GFCI. (Doc. 15; Doc. 23, at 1.)[3] Thus, the sole cause of action which the Magistrate Judge considered and which is presently before the Court is for damages against Kartri in the amount of $300,000, "pursuant to its sale of such inventory other than in a reasonably commercial manner." (Doc. 1, at 3.) Kartri filed a motion to dismiss Gordon's complaint for failure to state a claim on May 4, 2017 (Doc. 13), and filed a brief in support on May 17, 2017. (Doc. 17.) Gordon filed a brief in opposition on July 7, 2017. (Doc. 24.)

**B. Report and Recommendation**

On November 16, 2017, Magistrate Judge Karoline Mehalchick issued the instant Report and Recommendation. (Doc. 25.) After reviewing the parties'

---

(Doc. 24, at 4.)

[3] On February 16, 2018, GFCI filed a motion to reinstate its motion to dismiss Gordon's claim because the parties were unable to resolve the matter after "months of back and forth." This motion will be recommitted to the Magistrate Judge along with the instant motion.

3

arguments, the Magistrate Judge first considered whether Gordon's claim against Kartri is barred by the terms of the Release Agreement. (Doc. 13, at 10.)[4] The Release Agreement provides, in relevant part, that after the Removal Deadline, "all such equipment and personalty contained in the building shall become the property of Kartri and all [of Gordon's] claims to the same[,] defenses, etc., that [Gordon] may have had or [does] have as to the equipment and personalty are waived." (Doc. 13, at 31.) Kartri argues that Gordon's rights in the equipment were expressly waived when he failed to meet the Removal Deadline (Doc. 24, at 5), while Gordon counters that the Mutual Release does not absolve Kartri of liability, as the alleged wrongdoing occurred after the release had been executed. (Doc. 23, at 2.) The Magistrate Judge did not consider Gordon's claim that Kartri had breached a later, orally agreed-upon deadline for removal of the equipment because Gordon made this additional allegation in his Brief in Opposition to the Motion to Dismiss, rather than in his original Complaint. (Doc. 23, at 4.) The Magistrate Judge concluded that Gordon's claim is barred because his waiver of the claim could reasonably have been anticipated under the broad scope of the Release Agreement.

The Magistrate Judge further concluded that, whether Gordon's unnamed claim against Kartri is interpreted as a claim for violation of the PCC or common law conversion, Gordon fails to state a claim even if the Release Agreement is inapplicable. First, the Magistrate Judge addressed Gordon's claim interpreted as a claim for failure to dispose of collateral in a commercially reasonable manner under

---

[4] The Magistrate Judge properly noted that, although where matters "outside the pleadings" are presented to the Court under a Rule 12(b)(6) motion the motion generally must be treated as a motion for summary judgment under Fed. R. Civ. P. 56, "integral outside documents may be considered without treating a motion to dismiss like a motion for summary judgment," and concluded that the Release Agreement falls under this exception. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d. Cir. 1997). I further agree with the Magistrate Judge that the Release Agreement is properly considered as an affirmative defense the availability of which is "apparent on the face of the complaint." *See Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

4

the PCC, and concluded that Gordon fails to state a claim under this interpretation because the PCC applies only to secured parties and Gordon has not alleged that Kartri possessed a security interest in the equipment. Next, the Magistrate Judge addressed Gordon's claim interpreted as a claim for common law conversion, and concluded that Gordon also fails to state a claim under this interpretation because the complaint fails to identify any alleged interference which was done without lawful justification or in breach of the Release Agreement. Once again, the Magistrate Judge did not consider the additional allegations that Gordon raised in his opposition papers, particularly the allegation that Kartri interfered with his ability to timely remove the equipment. The Magistrate Judge finally concluded that Gordon should not be granted leave to amend his Complaint, because such amendment would be futile.

### C. Objections to Report and Recommendation

Gordon timely filed objections to the Report and Recommendation. (Doc. 26.) Gordon requests that the Report and Recommendation be rejected because the Magistrate Judge should have considered his additional allegations, introduced in his Brief in Opposition to Kartri's Motion to Dismiss, that Kartri prevented him from accessing his equipment before the Removal Date and that the Removal Date was extended by oral agreement. Gordon's objections to the Report and Recommendation have been fully briefed and are ripe for disposition.[5]

### II. Legal Standard

When objections to a magistrate judge's Report are filed, the court must conduct a *de novo* review of the contested portions of the Report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)). In conducting a *de novo*

---

[5] In fact, on January 11, 2018, Gordon filed a "Reply to Defendant's Responses to Plaintiffs' Objections to Magistrate's Report and Recommendation." Kartri moved to strike this document, observing that there is no provision in the federal or local rules that allows a party to file such a reply. I agree that this document is not allowed under any procedural rules of which I am aware, and that to allow it to stand would be prejudicial to Kartri, which cannot reply. I will therefore grant Kartri's Motion to Strike.

5

review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).

### III. Discussion

The main issue raised upon review of the Report and Recommendation is whether Gordon's pro se status has been accorded appropriate weight in evaluating (1) whether the additional alleged facts raised in his opposition papers should be construed as a motion to amend his Complaint, and, if they should, (2) whether he should be granted leave to amend. Of course, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181(3d Cir. 1988). This is true, notwithstanding the fact that Gordon is pro se. *See, e.g., McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir. 1992)(applying *Zimmerman* rule in case where pro se plaintiff was an attorney); *Martin v. Zook*, Civ. No. 87-3775, 1988 WL 33919 (E.D.Pa. March 31, 1988)(applying *Zimmerman* rule to pro se lay plaintiff). However, courts have construed additional allegations in a pro se plaintiff's opposition papers as a motion to amend the complaint, or have granted leave to amend a pro se plaintiff's complaint where the plaintiff has introduced new facts in his opposition papers but has not requested leave to amend. *See Arunachalam v. Pazuniak*, Civ. No. 15-259, 2017 WL 3979000, at *9, 12 (D.Del. September 11, 2017)(holding that pro se plaintiff could not amend her complaint through her opposition papers, but noting additional facts included in opposition and granting leave to amend); *Schomburg v. Dow Jones & Co.*, Civ. No. 11-3410, 2012 WL 1033579, at *1 (D.N.J. 2012)(overturned on other grounds by *Schomburg v. Dow Jones & Co., Inc.*, 504 Fed.App'x. 100 (3d Cir. 2012))(construing pro se plaintiff's documents filed in opposition as a cross-motion to amend complaint); *Miles v. Ansari,* Civ. No. 10-6179, 2011 WL 2974709, at *3-4 (D.N.J. July 21, 2011)(holding that additional facts raised in opposition papers, which might be helpful to pro se plaintiff, must be included in an amended complaint and

granting leave to amend); *Hines v. Rimtec Corp.*, Civ. No. 07-966, 2007 WL 2332193, at *1 (D.N.J. August 13, 2007)(construing pro se plaintiff's document filed in opposition to defendant's motion to dismiss as both an opposition to the motion and a motion to amend his complaint in order to cure the defects raised by the defendant).

Further, Fed. R. Civ. P. 15 requires that courts grant leave to amend freely "when justice so requires," in the absence of "undue or substantial prejudice, [] bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure the deficiency by amendments previously allowed or futility." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)(internal citations and quotations omitted). "[P]ro se plaintiffs generally must be given an opportunity to amend the complaint." *Schneller ex rel. Scheller v. Fox Subacute at Clara Burke*, 317 Fed.App'x. 135, 138 (3d Cir. 2008). "Rule 15 does not prescribe any particular technical method of amendment, and pro se pleadings are to be construed liberally." *Fields v. Venable*, 674 Fed.App'x. 225, 228 n. 3 (3d Cir. 2016). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))(internal quotation marks omitted).

Here, Gordon, who is proceeding pro se, raised additional facts in his brief in opposition to Kartri's motion that, if considered, could prove dispositive in deciding whether he is entitled to offer evidence in support of his claims. The Magistrate Judge declined to consider these facts and recommended that leave to appeal not be granted, and the Report and Recommendation does not suggest that the Magistrate Judge considered whether a more forgiving approach should be taken in light of Gordon's pro se status. I will therefore reject the Report and Recommendation and recommit the matter to the Magistrate Judge for further consideration of whether, in light of Gordon's pro se status, his brief in opposition to Kartri's motion should be construed as a motion to amend his complaint, and, if so, whether such a motion should be granted in light of the additional allegations. I will also commit to the Magistrate

Judge the question whether GFCI's recent Motion to Reinstate Action should be granted.

### III. Conclusion

For the above stated reasons, the Magistrate Judge's Report and Recommendation will be rejected, Kartri's Motion to Strike will be granted, and the case will be recommitted to Magistrate Judge Mehalchick to proceed accordingly.

An appropriate order follows.

| | |
|---|---|
| March 1, 2018 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |