# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT GORDON, | |
| Plaintiff, | CIVIL ACTION NO. 3:17-CV-00320 |
| v. | (CAPUTO, J.) |
| KARTRI SALES CO., INC. | (MEHALCHICK, M.J.) |
| Defendant. | |

## MEMORANDUM

On February 22, 2017, *pro se* Plaintiff Robert Gordon (hereinafter referred to as "Gordon") filed a complaint for money damages against Kartri Sales Co., Inc. ("Kartri") and Greater Forest City Industries, Inc. ("GFCI") pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). In his complaint, Gordon alleged that from June 2013 to October 2013 he leased a building from Kartri, and stored production machinery and inventory therein. (Doc. 1, at 2-3). This equipment was worth approximately $340,100.00 and was subject to a UCC Security interest in favor of GFCI. (Doc. 1, at 2; Doc. 1-1, at 2). On or around October 2013, Kartri allegedly locked Gordon out from the leased premises for non-payment of rent, and prevented him from removing the equipment stored inside. (Doc. 1, at 2). Thereafter, Kartri commenced a civil action against Gordon in the Susquehanna County Court of Common Pleas ("State Court") for breach of the lease agreement. (Doc. 13, at 30). The State Court entered judgment in favor of Kartri on October 14, 2014, and the parties executed a General Mutual Release Agreement ("Release Agreement") that was made an Order of the Court on March 11, 2015. (Doc. 13, at 30, 33). In the Release Agreement, the parties agreed that Gordon would be allowed to remove the stored machinery on or before March 31, 2015

(the "Removal Deadline"). (Doc. 13, at 31). After the Removal Deadline had passed, Kartri proceeded to sell various pieces of equipment that remained in the building. (Doc. 1, at 3). Gordon's Brief in Opposition, however, alleged that "the premises [was] chained off" and that his "attempts to remove the equipment [by the Removal Deadline] were frustrated by Kartri [as] a result of [] delay[]…[and Kartri] being unavailable to respond to [] requests to provide access." (Doc. 23, at 3). Gordon further submitted in his opposition brief that Kartri's attorney orally agreed to extend the Removal Deadline to April 30, 2015, but that Kartri breached this agreement through its sale of the inventory. (Doc. 23, at 3).

In Gordon's complaint, he asserted three unnamed causes of action against Kartri and GFCI: (1) damages in the amount of $300,000 against Kartri; (2) damages in the amount of $300,000 against GFCI; or (3) damages in the amount of $20,000, being the value of GFCI's security interest in the equipment, against both Kartri and GFCI, or, alternatively, forgiving the outstanding loan balance owed to GFCI. (Doc. 1, at 2-4). On March 13, 2017, GFCI filed a Motion to Dismiss Gordon's Complaint for failure to state a claim. (Doc. 5). However, the Court dismissed this motion as moot when it was notified on May 9, 2017 that Gordon's claims against GFCI had been settled. (Doc. 16). Although a settlement had been previously reached, the parties have since been unable to finalize the terms of the corresponding Release agreement. (Doc. 31, at 2, ¶¶5-6). As such, GFCI has moved for leave to refile its Motion to Dismiss in addition to its supporting Brief against Gordon.[1] (Doc. 5; Doc. 8; Doc. 31).

---

[1] The Court recognizes that GFCI's motion has been docketed as a "Motion to Reinstate Action." (Doc. 31; Doc. 33, at 7-8). However, as discussed *supra*, GFCI has actually moved to
*(footnote continued on next page)*

On May 4, 2017, Kartri also filed a Motion to Dismiss Gordon's complaint for failure to state a claim. (Doc. 13). On November 16, 2017, the undersigned United States Magistrate Judged issued a Report and Recommendation recommending that Kartri's Motion to Dismiss be granted.[2] (Doc. 25). Specifically, the undersigned found that Gordon's claim against Kartri was barred by virtue of the terms of the Release Agreement. (Doc. 25, at 3-9). In addition, the undersigned noted that even if the Release Agreement did not apply to the present action, Gordon had failed to state a claim under the Pennsylvania Commercial Code for failure to dispose of collateral in a commercially reasonable manner or for common law conversion. (Doc. 25, at 9-11). The District Court declined to adopt the Report and Recommendation on March 1, 2018 and recommitted the matter for further consideration. (Doc. 33; Doc. 34). Specifically, the District Court recommitted the matter to the undersigned for consideration of whether, given Gordon's *pro se* status, his brief in opposition to Kartri's Motion to Dismiss should have been construed as a motion to amend his complaint, whether such a motion to amend should be granted, and whether GFCI's recent Motion (Doc. 31) should be granted. (Doc. 33, at 7-8).

On March 5, 2018, Kartri sought leave to file a brief relating to the issues raised in the District Court Judge's opinion, which was granted, and extended to both parties, by an Order of

---

reinstate the Motion to Dismiss filed on March 3, 2017 (Doc. 5) and supporting brief (Doc. 8) in light of the unsuccessful consummation of a settlement agreement. (Doc. 31, at 1).

[2] As GFCI had been terminated as a defendant, the Court only addressed Gordon's first cause of action against Kartri in its Report and Recommendation. (Doc. 25, at 3). At the time, neither Gordon nor Kartri disputed that the second and third claims were moot as a result of the settlement agreement between Gordon and GFCI. (Doc. 15; Doc. 23, at 1).

the Court on the same day. (Doc. 35; Doc. 36). On March 7, 2018, Kartri filed a brief in support of the November 16, 2017 Report and Recommendation. (Doc. 37). Therein, Kartri argued that Gordon should not be granted Leave to Amend his complaint, as his *pro se* status was afforded proper weight in the November 2017 Report and Recommendation. (Doc. 37, at 2). Kartri further alleged that Gordon, although proceeding *pro se*, filed several pleadings that contained the characteristics of a "ghost written" counseled document.[3] (Doc. 37, at 5, n. 1). Alternatively, Kartri argued that in the event Gordon was given leave to amend, that he vigorously observe and follow the FEDERAL RULES OF CIVIL PROCEDURE in his subsequent filings, delimit any curative amendments to the legal claims asserted in his previous filings, and require him to disclose whether any subsequent filings are prepared with the assistance of counsel. (Doc. 37, at 7).

---

[3] While the rules of ethics continue to evolve on the matter, ghostwriting by an attorney is generally disfavored by Federal Courts. See *Ely v. Cabot Oil & Gas Corp.*, No. 09–2284, 2014 WL 12489849, at *6 (M.D. Pa. May 22, 2014). The practice serves as a means of misrepresentation to the Court, gives *pro se* Plaintiffs an unfair advantage, as they are already entitled to special leniency, and violates an attorney's duty of candor to the Court. *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 414 (W.D. Pa. 2012). Although Kartri has alleged that Gordon's pleadings suggest the assistance of counsel, given the lack of definitive evidence at this juncture the Court declines to take any adverse action against Gordon. However, in the event that Gordon does receive the assistance of counsel in subsequent pleadings, and ghostwriting is indeed involved, the assisting attorney shall be required to make an entry of appearance on Gordon's behalf before this Court. See *Snyder*, 899 F. Supp. 2d at 414. Further, any anonymous attorney or attorneys that may be aiding Gordon in the instant action are placed on notice that numerous Courts have prohibited ghostwriting outright, or have warned that such a practice may be sanctionable. See, e.g., *Duran v. Carris*, 238 F.3d 1268, 1273 (10th Cir. 2001) ("We do not allow anonymous testimony in court; nor does this circuit allow ghostwritten briefs."); *Karpov v. Karpov*, No. CIV. 12-1411-GMS, 2013 WL 653965, at *4 n. 3 (D. Del. Feb. 20, 2013) (cautioning an attorney suspected of ghostwriting that "as an attorney, his actions may be unethical and could serve as a basis for sanctions").

A. LEAVE TO AMEND COMPLAINT

Rule 15 of the FEDERAL RULES OF CIVIL PROCEDURE governs motions to amend a complaint. Rule 15 provides for three ways by which a plaintiff may potentially amend a complaint: (1) as a matter of course within twenty-one (21) days after service of a motion under Rule 12(b); (2) with the opposing party's written consent; and (3) by leave of court. FED. R. CIV. P. 15. As the time for Gordon to amend once as a matter of course has passed, and party consent is not asserted, an amendment is only permissible here by leave of court.

The Court has reconsidered Gordon's complaint (Doc. 1) and brief in opposition to Kartri's Motion to Dismiss (Doc. 23), construing them both liberally. *See generally Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2002) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). Generally, a party may not correct any pleading deficiencies in the complaint through a brief in opposition to a motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). However, additional facts that are asserted by a *pro se* litigant in subsequent filings may warrant granting leave to amend the underlying complaint. *See Arunachalam v. Pazuniak*, No. CV 15-259, 2017 WL 3978000, at *9, 12 (D. Del. Sept. 11, 2017). Further, under Rule 15(a)(2), "[t]he court should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'").

Even under this liberal standard, a motion for leave to amend may be denied when justified due to: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5)

futility of the amendment." *Riley v. Taylor,* 62 F.3d 86, 90 (3d Cir. 1995). Kartri argues that leave to amend should not be granted here, as Gordon has not appropriately filed a motion seeking leave to amend, and any amendment to the original complaint would be futile. (Doc. 37, at 5). The Court recognizes that Gordon has failed to seek leave of court to amend his complaint as required by the rules of this Court. However, in light of the District Court's Order addressing the November 2017 Report and Recommendation, and in the interest of justice, the Court will permit Gordon to file a curative Amended Complaint. FED. R. CIV. P. 15(a)(2); *see Arunachalam,* 2017 WL 3978000 at *9. Further, although not raised in his original complaint, Gordon asserted additional facts in his opposition brief regarding Kartri's alleged interference with his ability to retain the equipment by the Removal Deadline. (Doc. 23, at 3-4, ¶¶11-14, 16). These additional facts may be helpful to Gordon, a *pro se* litigant, in satisfying the federal pleading standard.

Determining that none of the permissible justifications for denial are applicable, the Court finds leave to amend should be granted. The guiding principle which informs the exercise of the Court's discretion in managing its docket is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964). The Court finds an amendment would best serve the fair administration of justice, as it would clarify the grounds for which Plaintiff seeks redress. Thus, in the exercise of the Court's discretion with respect to Gordon, who is proceeding *pro se*, this Court believes that the better course at this juncture is to permit an amendment without prejudice to Kartri filing a renewed motion to dismiss at the appropriate time that specifically addresses the claims set forth in the amended complaint. *See Glunk v. Pennsylvania State Bd. of Med.*, No. 1:14-CV-659, 2015 WL 6690023, at *2 (M.D. Pa. Oct. 30, 2015) *reconsideration denied sub nom. RICHARD P.*

*GLUNK, MD, Plaintiff, v. PENNSYLVANIA STATE BOARD OF MEDICINE, et al., Defendants.*, No. 1:14-CV-659, 2015 WL 7294456 (M.D. Pa. Nov. 19, 2015).

Accordingly, Gordon is directed to file a second amended complaint, in accordance with Local Rule 15.1, containing all claims and parties. Gordon is advised that the proposed amended complaint must "be a new pleading which stands by itself as an adequate complaint without reference to [any pleadings] already filed." *Young v. Keohane,* 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). *See e.g., Biggins v. Danberg,* No. 10–732, 2012 WL 37132 (D. Del. Jan. 6, 2012); *Quirindongo v. Fed. Bureau of Prisons*, No. 10–1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). The proposed amended complaint must recite factual allegations sufficient to raise his claimed right to relief beyond the level of mere speculation; contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2); set forth averments that are "concise, and direct," FED. R. CIV. P. 8(e)(1); and state such averments in separately numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the participants in the acts about which he complains. However, the amended complaint shall be limited to Gordon's claims as raised in his original complaint (Doc. 1) and brief in opposition (Doc. 23). In the event Gordon does not file a timely amended complaint, it will be recommended that his complaint be dismissed for failure to prosecute.

B. MOTION TO REINSTATE THE MOTION OF DEFENDANT GFCI (DOC. 31)

On March 13, 2017, GFCI filed a Motion to Dismiss Gordon's Complaint for failure to state a claim. (Doc. 5). However, the Court dismissed this motion as moot when it was notified

on May 9, 2017 that Gordon's claims against GFCI had been settled. (Doc. 16). According to GFCI,[4] the parties have been unable to finalize the terms of that settlement, and GFCI now seeks reconsideration of the Court's order dismissing the motion as moot, and leave to proceed with its motion to dismiss against Gordon. (Doc. 31, at 2, ¶¶5-6). Because the Court concludes that settlement was not consummated between Gordon and GFCI, good cause exists for the Court to reconsider its order of May 9, 2017, and order the motion to dismiss filed by GFCI to be reinstated on the docket of this case. *See Lakkis v. Lahovski*, No. 3:12-CV-1024, 2016 WL 4059672, at *4 (M.D. Pa. July 27, 2016) (concluding because that settlement had not been consummated between Plaintiff and Defendant, and because Defendant failed to file a brief in opposition to Plaintiff's Motion to Reinstate Action, good cause existed to reinstate the action.) As such, Defendant GFCI's motion will be granted.

### C. DEFENDANTS' MOTIONS TO DISMISS ARE MOOT

As Plaintiff will be granted leave to file an amended complaint, the motions to dismiss of both Defendants are moot, and will be struck from the docket as such, without prejudice to Defendants filing motions to dismiss in response to Plaintiff's amended complaint should they choose to do so. Defendants are directed to file responses to Plaintiff's amended complaint within fourteen days of the filing of the amended complaint.

---

[4] GFCI's motion indicates that "at the time of filing" concurrence had not been received by Gordon; Gordon has not filed anything

D. C<span style="font-variant:small-caps">onclusion</span>

For the foregoing reasons, Plaintiff will be granted fourteen days to file an amended complaint. Defendant, GFCI's motion to reinstate its motion to dismiss will be granted. Finally, Defendants' motions to dismiss will be struck from the record, and Defendants will be directed to file responses to the amended complaint within fourteen days of the filing of the amended complaint.

An appropriate Order will follow.

**BY THE COURT:**

**Dated: March 12, 2018**          *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**